**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,     )  Case No.: 2:16-cr-00265-GMN-CWH-16
vs.                        )
                           )  **ORDER**
                           )
DIEGO CHAVEZ GARCIA,       )
                           )
        Defendant.     )
                           )

Pending before the Court is Defendant Diego Chavez Garcia's ("Garcia") Motion to Dismiss Counts One, Two, and Three for Violation of his Fifth Amendment Right to Due Process, (ECF No. 1032).[1] This Motion was referred to the Honorable United States Magistrate Judge Carl W. Hoffman ("Judge Hoffman") for a report of findings and recommendations pursuant to 28 U.S.C. § 636 (b)(1)(B).

On December 10, 2018, Judge Hoffman entered a Report and Recommendation ("Report"), (ECF No. 1385), recommending that Garcia's Motion to Dismiss be denied. Garcia filed an Objection, (ECF No. 1407), and the Government filed a Response, (ECF No. 1429).

Also pending before the Court is Garcia's Motion for Leave of Court to File Reply in Support of Objection, (ECF No. 1437). The Government filed a Response, (ECF No. 1440), and Garcia filed a Motion for Leave of Court to File Reply, (ECF No. 1446).

///

---

[1] In his Objection, Garcia clarifies that the Motion's title is incorrect. (Obj. 4:9–10, ECF No. 1407). While Garcia is mentioned in the introductory paragraph of Count One, he is not charged in Count One. (Superseding Indictment 3:1–4:2, ECF No. 13); (*see also* Resp. 2:24, ECF No. 1429). Garcia is charged in Counts Two and Three, and therefore only seeks dismissal of those Counts. (Obj. 3:6–8).

## I. BACKGROUND

On September 23, 2011, members of various motorcycle clubs gathered in Sparks, Nevada for a motorcycle event. (Obj. 3:16–18, ECF No. 1407). J.P., a member of the Hells Angels Motorcycle Club, and members of the Vagos Motorcycle Club were involved in an altercation at the Nugget Casino Resort ("Nugget Resort"). (*See id.* 3:18–26). J.P. was shot and killed during the altercation. (*See id.*).

On June 14, 2017, a Superseding Criminal Indictment was filed charging Garcia and several codefendants with Violent Crime in Aid of Racketeering - Murder, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Two); and Using and Carrying a Firearm to Commit Murder During and in Retaliation to a Crime of Violence; Aiding and Abetting, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three). (Superseding Indictment, ECF No. 13). The charges arise from allegations that Garcia and his twenty-two codefendants are members of the Vagos Outlaw Motorcycle Gang and engaged in a variety of criminal activity, including the killing of J.P. (*Id.*).

## II. LEGAL STANDARD

### A. Objections to a Magistrate Judge's Findings and Recommendations

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Recommendation to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

### B. Motion to Dismiss

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on

the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)).

## III. DISCUSSION

The Court will first address Garcia's Motions for Leave of Court, followed by Garcia's Objection to the Report.

### A. Motions for Leave of Court to File Reply

In his Motion for Leave of Court to File a Reply in Support of Objection, Garcia states that he "moves the Court because the government misleads this Court by providing the law from other circuits and ignoring the binding precedent from the Ninth Circuit. . . . Mr. Garcia would like the opportunity to apprise this Court of the applicable legal standard." (Mot. Leave 2:3–11, ECF No. 1437). The Court is aware of the applicable legal standard and finds that further briefing is not necessary. Accordingly, Garcia's Motion for Leave of Court to File Reply in Support of Objection, (ECF No. 1437) is **DENIED**. For the same reasons, Garcia's Motion for Leave of Court to File Reply in Support of his Motion for Leave to File Reply, (ECF No. 1446), is **DENIED**.

### B. Objection

In his Objection, Garcia argues that the delay between the killing of J.P. in September 2011 and Garcia's indictment in June 2017 violated Garcia's Fifth Amendment right to due process, and therefore, Counts Two and Three in the Superseding Indictment should be dismissed. (*See* Obj. 3:3–8, ECF No. 1407). More specifically, Garcia argues that (1) the Government "did not need six years to investigate" the 2011 killing of J.P.; (2) Garcia has "shown sufficient prejudice"; (3) Judge Hoffman applied the wrong legal standard; and (4) Judge Hoffman misstated the record. (*See id.* 5:4–8:26).

The Government responds that Defendant has failed to establish that he suffered actual prejudice. (Resp. 2:3–7, ECF No. 1429). Further, the Government points out that the Superseding Indictment "includes events as recent as two months before the filing of the Superseding Indictment." (*Id.* 5:5–10). Therefore, the Government argues, this is "prima facie evidence that any 'delay' in presenting the case to the Grand Jury was not for the purpose of securing an unfair tactical advantage, or the result of negligence, but rather was due to ongoing investigation." (*Id.* 5:10–13).

The Due Process Clause of the Fifth Amendment of the United States Constitution protects defendants from improper pre-indictment delay. *United States v. Corona–Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)). "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *Id.* (citing *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)); *see also United States v. Marion*, 404 U.S. 307, 322 (1971) (finding that the applicable statute of limitations is "the primary guarantee against bringing overly stale criminal charges."). A statute of limitations provides a predictable, legislatively enacted limit on prosecutorial delay. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). In some circumstances, however, the Due Process Clause requires dismissal of an indictment brought within the statute of limitations period. *Corona–Verbera*, 509 F.3d at 1112 (quoting *Huntley*, 976 F.2d at 1290).

To succeed on a claim of denial of due process based on pre-indictment delay, a defendant must satisfy both prongs of a two-part test. *Id.* First, the defendant must prove "actual, non-speculative prejudice from the delay." *Id.* (citing *Huntley*, 976 F.2d at 1290). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995). Second, the "length of the delay is weighed against the reasons for the delay." *Id.* The

defendant must show that the delay "offends the 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Sherlock*, 962 F.2d at 1353–54 (quoting *Lovasco*, 431 U.S. at 790). The second prong of the test applies only if the defendant has demonstrated actual prejudice. *Corona–Verbera*, 509 F.3d at 1112 (citing *United States v. Barken*, 412 F.3d 1131, 1136 (9th Cir. 2005)). The Ninth Circuit has held that "establishing prejudice is a 'heavy burden' that is rarely met." *Id.* (citing *Huntley*, 976 F.2d at 1290).

Here, Garcia's Motion to Dismiss fails to address actual prejudice, and therefore does not satisfy the first prong of the applicable two-part test. (*See* Mot. 2:16–23, ECF No. 1032). In subsequent filings, Garcia submits that the pre-indictment delay resulted in actual prejudice because the scene of the alleged murder, the Nugget Resort, has since been remodeled. (Obj. 6:2–4). Garcia contends that this hinders his ability to recreate the events on September 23, 2011. (*Id.*). Further, Garcia argues that "video surveillance tapes from the Nugget on the night of the melee [have] likely been destroyed." (*Id.* 6:17–20). He asserts this has caused actual prejudice because the surveillance footage "would show that Mr. Garcia had no role in the events, that there was no meeting before the melee at which the conspiracy was discussed, and that the shooting of [J.P.] was in self-defense and defense of others." (*Id.* 6:23–27). Garcia further indicates that he is "trying to subpoena evidence" from the Nugget, including surveillance footage and floor plans of the Nugget Resort on September 23, 2011. (*Id.* 5:22–26).

The Court finds that Garcia has not established actual prejudice. First, any prejudice resulting from the "likely" destruction of surveillance footage is speculative as Garcia has not confirmed that the footage has been destroyed. Indeed, in his Reply in Support of the Motion to Dismiss and in his Objection, Garcia maintains that he is in the process of subpoenaing said surveillance footage from the Nugget Resort. (Reply 3:26–28, ECF No. 1294); (Obj. 5:22–24). However, even if the Court were to assume that the Nugget Resort's surveillance footage has

been destroyed, Garcia does not allege that its destruction necessarily resulted from the pre-indictment delay. *Sherlock*, 962 F.2d at 1354; *see United States v. Mills*, 641 F.2d 785, 789 (9th Cir. 1981) (finding that even if the Government had indicted defendants one month after the crime, the physical evidence could have been unavailable), *cert. denied*, 454 U.S. 902 (1981).

Regarding the Nugget Resort's remodeling, Garcia summarily states that "Trader Dick's, where the alleged plot among Vagos transpired after an alleged secret meeting in an unidentified location, no longer exists," and that the "dancefloor has changed, as well as the slot machine placement[.]" (Obj. 6:20–23). However, Garcia fails to articulate how this has impaired his ability to defend himself. Additionally, as with the attempt to secure the surveillance video, Garcia indicates that he is attempting to subpoena floor plans which would depict, *inter alia*, the Nugget Resort's casino floor on the date in question. (*Id.* 5:22–26). Thus, even if the Nugget Resort's subsequent modifications somehow prejudiced Garcia, adequate substitutes (*i.e.*, the floor plans) may be available to assist him. *See United States v. Barken*, 412 F.3d 1131, 1135 (9th Cir. 2005) ("[W]here adequate substitutes exist for missing non-testimonial evidence, prejudice does not exist."). Because Garcia has failed to demonstrate actual non-speculative prejudice from pre-indictment delay, the Court need not address the second prong of the two-part test. *Corona–Verbera*, 509 F.3d at 1112 (citation omitted). The Ninth Circuit has made it clear that the burden of establishing actual prejudice is a heavy one that is rarely met. *Id.*

Garcia next argues that Judge Hoffman applied the wrong legal standard. More specifically, Garcia argues that the applicable legal standard "does not require a showing of intent to gain tactical advantage. This is just one factor of many to be considered in a balancing test." (Obj. 4:23–26; 8:2–10). However, the Report does not state that a showing of intent to gain tactical advantage is required. Instead, the Report provides: "Garcia makes no argument that the delay in indicting him was intended to place him at a disadvantage and the court finds

that, under the circumstances, the delay was not unreasonable." (R. & R. 3:8–11, ECF No. 1385). Garcia provides nothing more to support his argument and thus fails to show that Government intent to gain tactical advantage was improperly considered as a requirement, rather than as a factor. Moreover, it should be noted that this factor is considered when weighing the delay against the reasons for the delay—the second prong of the two-part test—and as discussed above, the Court need not reach this prong. Accordingly, Garcia's argument is unsupported and immaterial.

Lastly, Garcia contends that Judge Hoffman misstated the record. Particularly, Garcia contends that in the Motion to Dismiss, Garcia "never alleged a violation of the statute of limitations and instead clearly argued that Mr. Garcia's Fifth Amendment Due Process rights were violated." (Obj. 8:22–25). But contrary to Garcia's assertions, the Report does not state that Garcia claimed a statute of limitations violation. Rather, the Report provides: "Garcia does *not* contend that the current prosecution violates the statute of limitations." (R. & R. 3:12) (emphasis added). Thus, Judge Hoffman did not misstate the record.[2]

In sum, Garcia has failed to show that he was actually prejudiced by reason of the pre-indictment delay, and therefore, cannot show that this delay amounts to a denial of due process. Moreover, Garcia's arguments that Judge Hoffman applied the wrong legal standard and misstated the record are without merit. Accordingly, Garcia's Objection is overruled and his Motion to Dismiss Counts Two and Three is **DENIED**.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Garcia's Motions for Leave of Court to File Reply, (ECF Nos. 1437, 1446), are **DENIED**.

///

---

[2] The Court notes that "[a]n indictment for any offense punishable by death may be found at any time without limitation." *See* 18 U.S.C. § 3281. Counts Two and Three in the Superseding Indictment are such offenses.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 1385), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Garcia's Motion to Dismiss Counts Two and Three for Violation of his Fifth Amendment Right to Due Process, (ECF No. 1032), is **DENIED**.

**DATED** this __13__ day of May, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court